# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENISE KEESEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) Case No. CIV-18-292-G |
| **ANDREW SAUL,** | ) |
| **Commissioner of Social Security,**[1] | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Plaintiff Denise Keesee brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Upon review of the administrative record (Doc. No. 12, hereinafter "R. _" (conventionally filed)),[2] and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

## PROCEDURAL HISTORY

Plaintiff protectively filed her SSI application on May 9, 2013, ultimately alleging a disability onset date of January 28, 2014. R. 23-24, 159-69. Following denial of her

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] With the exception of the administrative record, which was filed conventionally, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

application initially and on reconsideration, a telephonic hearing was held before an administrative law judge ("ALJ") on November 12, 2014. R. 23, 94-97, 104-06, 731-94. In addition to Plaintiff, a vocational expert ("VE") testified at the hearing. R. 777-92. The ALJ issued an unfavorable decision on February 26, 2015. R. 353-63. Plaintiff appealed, and on November 13, 2015, the SSA Appeals Council remanded the case for further proceedings. R. 346-49.

On remand, a hearing was conducted before an ALJ on December 5, 2016. R. 683-730. Plaintiff appeared at the hearing, along with a VE and a medical expert. R. 689-94, 712, 720-27. The ALJ issued an unfavorable decision on July 31, 2017. R. 23-41. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 10-13; *see* 20 C.F.R. § 416.1481. This action for judicial review followed.

ADMINISTRATIVE DECISION

As relevant here, the Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 28, 2014. R. 26. At step two, the ALJ determined that Plaintiff's physical impairments, including mild degenerative joint disease, bilateral knees per x-ray, mild degenerative lumbar spine, high blood pressure, and obesity, were severe in combination. Similarly, the ALJ determined that, when considered collectively, Plaintiff's mental impairments of major depressive disorder, generalized anxiety disorder, a dependent personality disorder, and post-traumatic stress disorder

2

constituted a severe impairment. R. 26-33. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 33-36.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her medically determinable impairments ("MDIs"). R. 36-40. The ALJ found that Plaintiff has the RFC

> to perform medium exertion work as defined in 20 CFR 416.967(c), with the following mental abilities and limitations: [Plaintiff] can understand, remember and carry out "simple" tasks; "simple" tasks are unskilled entry-level tasks with SVP of one (which can be learned by a simple demonstration) and SVP of two (which can be learned in thirty days or less); the claimant can relate to others, including co-workers, supervisors, and the general public on a "superficial" work basis; "superficial" means brief, succinct, cursory, concise communications relevant to the task being performed; [Plaintiff] can adapt to a work environment in a low-to-moderate stress situation; and [Plaintiff] can deal with changes in a routine work setting.

R. 36. At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a custodian/cleaner. R. 40-41. Therefore, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 41.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th

3

Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff objects to the ALJ's treatment of the opinion of state agency psychologist Stephanie Crall, PhD. Specifically, Plaintiff contends that the ALJ committed legal error by failing to expressly weigh Dr. Crall's medical opinion and that such error undermined the RFC. *See* Pl.'s Br. (Doc. No. 20) at 4-7.

Dr. Crall conducted a consultative examination of Plaintiff on September 30, 2013, and issued a written report on her findings. R. 284-87. In her report, Dr. Crall opines that Plaintiff's "ability to engage in work-related mental activities, such as sustaining attention, understanding, and remembering and to persist at such activities was likely adequate for simple and some complex tasks," but that "the presence of depression, anxiety, and chronic pain likely interfered with her ability to adapt to a competitive work environment." R. 287. Plaintiff objects that this portion of Dr. Crall's opinion conflicts with the ALJ's RFC

4

finding that Plaintiff "can adapt to a work environment in a low-to-moderate stress situation." R. 36; *see* Pl.'s Br. at 6.

The ALJ discussed Dr. Crall's report in his written decision and expressly quotes the portion referenced above. R. 31. The ALJ failed, however, to state what weight he assigned the opinion or to provide an explanation for that weight in accordance with 20 C.F.R. § 416.927. *See* 20 C.F.R. § 416.927(c) (articulating factors for consideration). Even so, the Tenth Circuit has held that "[a]ny error in failing to specify the weight given to the [consultative examiner's] opinion was harmless" when the specific limitations assigned in the opinion were "not inconsistent with the limitations the ALJ placed in [the claimant's] RFC." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1165 (10th Cir. 2012); *see Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (explaining that a finding of harmless error is appropriate when "based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way").

As to the challenged point of Plaintiff's adaptive ability, Dr. Crall in her report does not assign a limitation that is inconsistent with the limitations placed in the RFC by the ALJ. While Dr. Crall assessed that Plaintiff's "depression, anxiety, and chronic pain likely interfered with her ability to adapt to a competitive work environment," she did not express the degree of that interference. R. 287. The ALJ acknowledged that Plaintiff has a "mild limitation" in her ability to adapt, R. 35, and incorporated into the RFC the degree of that limitation he determined was supported by the record. R. 36 (Plaintiff "can adapt to a work environment in a low-to-moderate stress situation"); *see, e.g.*, R. 39 (noting opinions of

5

state agency psychological consultants that Plaintiff "can adapt to the work environment in low-to-moderate stress situations"). Accordingly, the Court finds that any error in the ALJ's failure to assign a weight to Dr. Crall's opinion was harmless.

The Court additionally notes that during the December 5, 2016 hearing on remand, Plaintiff's counsel concurred with the ALJ that Dr. Crall's medical opinion contained no specific functional limitations:

> ALJ: And then, we have Dr. Crall weighing in on the mental side. . . . As far as any particular abilities or limitations, she gave kind of a general narrative on page four of her opinion. Ability to engage in work-related mental activities such as sustaining attention, understanding, remembering, and to persist at such activities was, quote, "-- likely adequate for simple and some complex tasks." In the opinion of the evaluator, the presence of depression, anxiety, and chronic pain, quote, "-- likely interfered with her ability to adapt to a competitive work environment, however." And it's not likely to improve in 12 months, but she didn't really tell us what the individual can do or cannot do on a function-by-function basis. So, that was my review of . . . the mental consultative examination. What -- did you spot anything in there that provided for a specific either functional ability or limitation, physical or mental?
>
> ATTY: No.

R. 715-16. These representations undercut Plaintiff's antithetical position on appeal—that Dr. Crall's opinion does in fact contain specific mental limitations. It is Plaintiff's responsibility to "furnish medical and other evidence" to meet her burden of proving disability, and the ALJ was "entitled to rely on counsel's representation of the claims." *Branum*, 385 F.3d at 1271; *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008) (examining the ALJ's duty to develop the record); *see* 20 C.F.R. §§ 416.1451(b), .1453(a).

## CONCLUSION

Based on the foregoing analysis, the decision of the Commissioner is AFFIRMED. A separate judgment shall be entered.

IT IS SO ORDERED this 31st day of March, 2020.

CHARLES B. GOODWIN
United States District Judge